**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| BRANDON TARELL JOHNSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV422-161 |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## ORDER

*Pro se* petitioner Brandon Tarell Johnson has filed the instant petition, pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence. *See, e.g.,* doc. 1 at 7 (requesting that the Court grant his "full jail credit from the very first day [he] got incarcerated . . . ."). The Court must, therefore, proceed to screen the petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

1

"Writs of habeas corpus may be granted by the . . . district courts . . . within their respective jurisdictions."   28 U.S.C. § 2241(a); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991)("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated.").   Since he is challenging the calculation of his sentence, his request is properly brought pursuant to § 2241.   *See, e.g., United States v. Mervin*, 2022 WL 2079317, at *2 (S.D. Ga. June 9, 2022) (citing, *inter alia., United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020)) (explaining the proper procedure for challenging a determination of sentence-credit).   Johnson's petition indicates that he is incarcerated at the United States Penitentiary in Pollock, Louisiana.   *See* doc. 1 at 4. Pollock, Louisiana is located in Grant Parish, which is in the Western District of Louisiana.   *See* 28 U.S.C. § 98(c).   This Court, therefore,

2

lacks jurisdiction over Johnson's petition.[2]   *See Fernandez*, 941 F.2d 1495; *see also, e.g., United States v. Michel*, 817 F. App'x 876, 879 (11th Cir. 2020) (concluding "[t]he district court . . . declined correctly to review [prisoner's] request for relief under 28 U.S.C. § 2241[,]" because the request was not filed in the district of confinement).

The proper venue for this action is in the United States District Court for the Western District of Louisiana.   *See* 28 U.S.C. § 1391(b) (venue); 28 U.S.C. § 1406 (district courts may dismiss or transfer cases suffering venue defects); 28 U.S.C. § 98(c).   Accordingly, the Court **DIRECTS** the Clerk of Court to **TRANSFER** this action to the Western District of Louisiana for all further proceedings.

**SO ORDERED**, this 1st day of July, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]   Although the Clerk has notified Johnson of his failure to either pay the Court's filing fee or move to proceed *in forma pauperis, see* doc. 2, payment of the filing fee is not jurisdictional.   *See, e.g., White v. Lemma*, 947 F.3d 1373, 1378-79 (11th Cir. 2020).   Since, as discussed below, it is clear that this Court is not the proper venue for Johnson's claims, the transferee court is the proper place to resolve any issue with his filing fee.